UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN RAPA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV01671 AGF |
| | ) | |
| NOVARTIS PHARMACEUTICALS CORPORATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This diversity matter is before the Court on Defendant Novartis Pharmaceuticals Corporation's motion to dismiss with prejudice this lawsuit filed by Plaintiff John Rapa. For the reasons set forth below, Defendant's motion to dismiss shall be granted.

## BACKGROUND

On October 30, 2008, Plaintiff John Rapa ("Plaintiff"), a Missouri resident, filed a complaint against Defendant alleging five tort claims after he developed osteonecrosis of the jaw as a side effect of Aredia, a drug manufactured by Defendant. The case was consolidated for pretrial proceedings and transferred as a part of multidistrict litigation to the Middle District of Tennessee ("the MDL court") on November 24, 2008.

Unfortunately, Plaintiff passed away on December 17, 2009. A suggestion of death was filed on July 1, 2010. (Doc. No. 12-4.) Plaintiff's counsel moved in the MDL court for provisional substitution of Plaintiff's wife, Jeanine Rapa ("Ms. Rapa"). (Doc.

1

No. 12-5.) The MDL court granted the motion for provisional substitution. (Doc. No. 12-7.) Under the MDL court's Case Management Order ("CMO"), provisional substitutions are conditioned on "the substituted plaintiff submit[ting] to the Court prior to remand of the plaintiff's claims a copy of the Order appointing him or her as the deceased plaintiff's personal representative." (Doc. 12-3 at 5.) On September 18, 2013, Ms. Rapa, along with her three children, obtained a determination of heirship from the Probate Division of the Circuit Court of St. Louis County, Missouri. (Doc. No. 12-9 at 3-4.) She never applied in probate court to be appointed Plaintiff's personal representative nor did she ever submit to the MDL court a copy of an order appointing her as such.

Upon completion of the consolidated pretrial proceedings in the action, the MDL court remanded the case back to this Court pursuant to 28 U.S.C. § 1407(a) on March 25, 2014. (Doc. No. 8.) Ms. Rapa has never applied to become nor has she ever been appointed Plaintiff's personal representative. Consequently, the issue in this case is whether, under the MDL court's Case Management Order ("CMO") and Missouri state law, Ms. Rapa has standing to continue this case on Plaintiff's behalf.

## ARGUMENTS OF THE PARTIES

Defendant argues that the Court should dismiss this action with prejudice because Ms. Rapa lacks the proper legal authority under Missouri law to prosecute this lawsuit on behalf of her husband, and because Ms. Rapa violated the express terms of the CMO issued by the MDL court. Defendant bases the motion to dismiss on the fact that Ms. Rapa was never appointed personal representative of Plaintiff, and the time to do so has long since

passed under both Missouri law and the CMO. Defendant relies on the fact that it has been over four years since Plaintiff died on December 17, 2009, and Ms. Rapa still has not been appointed her husband's personal representative. Defendant argues that not only did Ms. Rapa fail to become so appointed within the thirty days required by the CMO, but she also missed the one-year statute of limitations under Missouri law.

Furthermore, Defendant purports that Ms. Rapa misrepresented her legal status to the MDL court in the motion for provisional substitution by identifying herself as the personal representative of Plaintiff despite the fact that she was never appointed to the role.[1] Defendant argues that despite her representations, Ms. Rapa was not the proper party to be substituted for Plaintiff under Missouri law, as legally required by the CMO and Federal Rule of Civil Procedure 25(a). Moreover, Defendant argues that Ms. Rapa never fulfilled the condition of provisional substitution because she never submitted an order appointing her personal representative, so the provisional substitution was extinguished upon remand. For all of these reasons, Defendant argues that this case should be dismissed with prejudice for lack of standing.

Ms. Rapa argues that the Court should deny Defendant's motion because her substitution was procedurally proper and because Defendant's argument to the contrary should be barred under the doctrine of laches. In support of the claim that her substitution

---

[1] In the motion for substitution, Ms. Rapa did not claim to be the personal representative, but requested that the MDL court appoint her as personal representative of her husband's estate. However, as Defendant correctly notes and as explained further below, appointment as personal representative can only be made by a Missouri probate court, not a federal district court.

was proper, Ms. Rapa argues that Federal Rule of Civil Procedure 25(a) allows for flexibility and controls even when state law has different procedural requirements. Ms. Rapa alleges that her filing of a suggestion of death and motion for provisional substitution are sufficient to fulfill the procedural requirements of Rule 25(a).

Ms. Rapa also argues that, under Missouri law, the Judgment Determining Heirs was sufficient to make her the personal representative of her husband and to give her standing to pursue this case on his behalf. Ms. Rapa asserts that she would have qualified to be appointed as personal representative, if she applied, and that there is no limitation under Missouri law that prevents primary beneficiaries named in heirship determinations from being recognized as personal representatives for the purposes of actions like this one.

Alternatively, Ms. Rapa argues that Defendant's motion to dismiss should be denied based on the doctrine of laches because of Defendant's failure to object to the motion for provisional substitution. Ms. Rapa points to the fact that Defendant knew she only had one year after Plaintiff's death to be appointed a personal representative, but Defendant did not raise this issue until now—over two years after that time expired. Ms. Rapa asserts that "procedural technicalities should not trump the substance of the claims at issue" at this point in the proceedings. (Doc. No. 16 at 8.)

In response to Ms. Rapa's laches argument, Defendant contends that a lack of standing cannot be waived, and, even if it could, Defendant did not learn that Ms. Rapa was never appointed personal representative of Plaintiff until after the MDL court remanded the case back to this Court.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 25(a), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party" through a motion for substitution. Fed. R. Civ. P. 25(a). "[S]tate law governs *who* can be a 'representative' or 'successor,' and therefore, who can qualify as a proper party for substitution under Rule 25(a)(1)." *In re Baycol Prods. Litig.*, 616 F.3d 778 (8th Cir. 2010) (emphasis in original). Similarly, the CMO dictates that if a plaintiff dies, the applicable state law will control appointment of a personal representative on the plaintiff's behalf. (Doc. No. 12-3 at 4.) Because Plaintiff was a Missouri resident, Missouri law controls who qualifies as the proper party for substitution in order to continue this action.

Under Missouri common law, tort claims do not survive the death of the victim. *Manson v. Wabash R. Co.*, 338 S.W.2d 54 (Mo. 1960) (en banc). However, Missouri's survival statute allows a decedent's tort claims to be pursued by the injured party's personal representative under Mo. Rev. Stat. § 537.020. The statute states:

> Causes of action for personal injuries, other than those resulting in death...shall not abate by reason of [a party's] death…but…such cause of action shall survive to the personal representative of such injured party….
>
> [T]he right of action for personal injury that does not result in the death shall be sufficient to authorize and to require the appointment of a personal representative by the probate division of the circuit court upon the written application therefor by one or more of the beneficiaries of the deceased.

Mo. Rev. Stat. § 537.020. Section 537.020 is the sole method for properly substituting a party in order to continue a tort claim in Missouri. *Sauter v. Schnuck Markets, Inc.*, 803 S.W.2d 54, 55 (Mo. Ct. App. 1990). The properly appointed personal representative is the

only person who has standing to bring a survival action. *Id.* Despite Ms. Rapa's arguments to the contrary, an heirship determination does not make a designated heir the personal representative of an estate and is insufficient to continue a tort claim on behalf of a deceased party. *See id.*; *Carter v. Pottenger*, 888 S.W.2d 710, 711 (Mo. Ct. App. 1994).

A decedent's cause of action can only survive if brought by a personal representative of his estate appointed by a probate court. *Johnson v. Akers*, 9 S.W. 3d 608, 609-610 (Mo. 2000). "A personal representative of an estate is appointed by the probate division of the circuit court in the applicable jurisdiction upon filing of letters of administration with the court." *Id.* (citing Mo. Rev. Stat. § 473.110). The statute of limitations to apply for appointment as a personal representative in Missouri probate court is one year. *Id.* (citing Mo. Rev. Stat. § 473.070); *see also* Mo. Rev. Stat. § 473.020 ("If no application for letters testamentary or of administration is filed by a person entitled to such letters pursuant to section 473.110 within twenty days after the death of a decedent, then any interested person may petition…for the issuance of letters testamentary or of administration…. The petition must be filed within one year after the death of the decedent.").

Ms. Rapa did not seek to be appointed as her husband's personal representative within the one-year statute of limitations—or any time after that. Since Ms. Rapa was never appointed a personal representative of her husband, she has no standing to continue this case on his behalf.

Moreover, Ms. Rapa did not fulfill the conditions of provisional substitution in the

CMO because she never submitted an order appointing her legal representative of her husband's estate in order to finalize her substitution. Of course, Ms. Rapa could not have submitted such an order because she was never appointed her husband's personal representative. Failure to fulfill the condition means that Ms. Rapa's substitution was not finalized in the MDL court, and could never have been so finalized, because she lacked the legal status of personal representative of Plaintiff's estate.

Courts involved in this multidistrict litigation, including both the Eastern and Western Districts of Missouri, have similarly dismissed cases for failure to properly substitute parties based on state law and the MDL court's CMO. *See, e.g., Chiapel v. Novartis Pharm. Corp.*, No. 4:06 CV 1642 RWS (E.D. Mo. Jan. 23, 2014) (Doc. 12-1); *Blumenshine v. Novartis Pharm. Corp.*, No. 4:08-cv-005670-SOW (W.D. Mo. July 23, 2013) (Doc. No. 12-2); *Wilson v. Novartis Pharm. Corp.*, No. 12-10309, 2014 WL 3378316 (5th Cir. July 11, 2014); *Porter v. Novartis Pharm. Corp.*, No. 1:06-cv-3052, 2014 WL 3639135 (N.D. Ill. July 23, 2014).

At no point did Ms. Rapa apply to be the personal representative of her husband, and the one-year time limitation to do so has long since passed. Ms. Rapa lacks standing to bring this claim, so this case must be dismissed. "Standing is jurisdictional and a lack of standing cannot be waived," under the doctrine of laches or otherwise. *See Sauter*, 803 S.W.2d at 55.

Ms. Rapa is not her husband's personal representative as required by Missouri law to continue this case, and the provisional substitution granted by the MDL court expired

7

upon failure to fulfill the condition before remand.   Given that it has been almost five years since Plaintiff died and Missouri's statute of limitations is one year, it is impossible for a personal representative to be appointed at this time to continue the claim on Plaintiff's behalf.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss with prejudice is **GRANTED**.   (Doc. No. 11.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of October, 2014